UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER MCDANIEL,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CHRISTINA STEWART, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 23-cv-10923<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (ECF NO. 16)**

### I.　Introduction

　　Plaintiff Christopher McDaniel, a prisoner proceeding pro se, brings this action under 42 U.S.C. § 1983 against Defendants Christina Stewart and Bradley Haynie.  ECF No. 1.  McDaniel alleges that he had a dispute with Stewart in February 2022 and that she overcharged him with a misconduct ticket in retaliation for an earlier grievance he filed against her. *Id.*, PageID.5-6.  McDaniel also alleges that Haynie increased his security level and transferred him to another facility in retaliation for his grievances and in violation of McDaniel's due process rights.  *Id.*, PageID.4-7.

The Honorable Linda V. Parker referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 17.  Defendants move for summary judgment for failure to exhaust administrative remedies.  ECF No. 16.  McDaniel did not respond, even after the Court ordered him to show cause why his claims should not be dismissed.  ECF No. 20.  When a plaintiff fails to respond or to otherwise oppose a defendant's motion, the Court may consider the plaintiff to have waived opposition to the motion.  *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008).  Still, a defendant bears the burden of showing the motion has merit even if the plaintiff fails to respond.  *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991).

For the reasons below, the Court **RECOMMENDS** that defendants' motion be **GRANTED**.

II.     Analysis

A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a

genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To meet this requirement, an inmate must strictly comply with the grievance process provided by the prison. *Woodford*, 548 U.S. at 93-94.

But an inmate need only exhaust those remedies that are actually "available"; if an administrative remedy "is not capable of use to obtain relief," then § 1997e will not act as a barrier to suit. *Ross v. Blake*, 578 U.S. 632, 643 (2016).

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). "But a prisoner countering a motion alleging failure to exhaust must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Parks v. Mich. Dep't of Corr.*, No. 2:20-cv-11673, 2021 WL 3533422, at *3 (E.D. Mich. May 17, 2021), *adopted*, 2021 WL 2820984 (E.D. Mich. July 7, 2021) (cleaned up). Summary judgment based on failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

### B.

MDOC Policy Directive (PD) 03.02.130 has a three-step procedure that prisoners must follow to complete the administrative review process and properly exhaust grievances. ECF No. 16-2. The policy requires a prisoner to try to informally resolve the problem with the allegedly offending

4

staff within two days of learning about the grievable issue, and then, within five days of those informal efforts, file with the grievance coordinator a Step I grievance about any unresolved issues. *Id.* at PageID.113-114, ¶¶ Q, W. The prisoner may then file a Step II grievance appeal within ten business days of receiving the Step I response or, if no response was received, within ten business days after the date the response was due. *Id.* at PageID.115, ¶ DD. The same schedule applies to a Step III appeal—it is due within ten business days of receiving the Step II response or, if no response was received, within ten business days after the date the response was due. *Id.* at PageID.116, ¶ HH. Prisoners must appeal their grievances through Step III and wait until receipt of a Step III response, or until the response is past due, before suing.

Defendants submit a grievance report showing that McDaniel pursued two grievances through Step III about the events at issue: JCS-22-03-0342-28E and JCS-22-03-0343-28E. ECF No. 16-3, PageID.121.[1] In JCS-0342, McDaniel alleged that he was confined in an unfurnished cell without access to water or a bathroom after his dispute with Stewart and in

---

[1] McDaniel also filed two grievances in January 2022, before the events at issue occurred. ECF No. 16-3, PageID.121-122, 135-144 (JCS-22-01-0083-17Z and JCS-22-01-0042-15Z). And he filed a grievance in August 2022 arising from his confinement at the Macomb Correctional Facility. *Id.*, PageID.121 (MRF-22-08-1750-28B).

5

retaliation for his prior grievances.  *Id.*, PageID.133.  JCS-0343 alleged that Stewart attacked McDaniel and wrote him an "upcharged" misconduct ticket in retaliation for his prior grievances.  *Id.*, PageID.128.

Both Step I grievances were received on March 22, 2022, almost a month after the alleged events on February 24, 2022.  *Id.*, PageID.128, 133.  They were rejected as untimely through all three steps.  *Id.*, PageID.125-129.  As discussed above, exhaustion requires "proper exhaustion," meaning "compliance with an agency's deadlines and other critical procedural rules."  *Woodford*, 548 U.S. at 90.  A prisoner has not exhausted his administrative remedies when his grievance is rejected for failure to comply with procedural rules.  *McCloy v. Corr. Med. Servs.*, 794 F. Supp. 2d 743, 750 (E.D. Mich. 2011).  Thus, McDaniel did not exhaust his claims against Stewart or Haynie through the grievance process.

## C.

Exhaustion of McDaniel's retaliatory misconduct claim cannot be shown through the grievance process.  PD 03.02.130 states that decisions about misconduct tickets are non-grievable and must be challenged through a hearing.  *See* ECF No. 16-2, PageID.111-112, ¶ J(9), (11).  Thus, the "only avenue" for exhausting a retaliation claim stemming from a misconduct ticket is by raising it at the misconduct hearing.  *Smith v.*

*Pallas*, No. 18-1933, 2019 WL 7946345, at *3 (6th Cir. Nov. 7, 2019); *Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011). To fully exhaust, the prisoner must raise the claim of retaliation at the initial misconduct hearing and, if unsuccessful, in the available avenues for rehearing or appeal. *McNees v. Torrey*, No. 1:19-CV-121, 2021 WL 1178627, at *4 (W.D. Mich. Mar. 4, 2021), *adopted*, 2021 WL 1171958 (W.D. Mich. Mar. 29, 2021); *see also* MDOC PD 03.03.105, ¶¶ VVV-AAAA (describing the rehearing and appeal processes for Class I and II misconduct).[2]

The hearing report shows that McDaniel never alleged that the misconduct ticket was retaliatory. ECF No. 16-4, PageID.148-149. Nor did McDaniel seek a rehearing. ECF No. 16-4, PageID.147. Thus, McDaniel failed to exhaust his retaliatory misconduct claim. *See Dykes v. Fuller*, No. 18-11528, 2019 WL 6170868, at *4 (E.D. Mich. Aug. 7, 2019), *adopted*, 2019 WL 4744433 (E.D. Mich. Sept. 30, 2019).

### III. Conclusion

The Court **RECOMMENDS** that defendants' motion be **GRANTED** (ECF No. 16), and that McDaniel's complaint be **DISMISSED WITHOUT PREJUDICE**.

---

[2] *See* https://perma.cc/85FU-B2VY (last visited February 27, 2024).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: February 29, 2024

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 29, 2024.

s/Marlena Williams<br>
MARLENA WILLIAMS<br>
Case Manager